IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**DARRELL DENNIS**                                                                    **PETITIONER**

**V.**                      **NO. 4:21-CV-00037-JM-ERE**

**DEXTER PAYNE, Director**
**Arkansas Division of Correction**                                                **RESPONDENT**

## ORDER

Pending before the Court is Petitioner Darrell Dennis' motion for discovery and motion for reconsideration. *Docs. 24, 25*. For the reasons explained below, the motions are DENIED.

### I. BACKGROUND

The Court previously denied Mr. Dennis' request for a stay of this habeas action to allow him to locate jail policies that he asserts could have been used to impeach testimony from two witnesses at his state criminal trial. *Doc. 21*. In a subsequent Order, the Court addressed Mr. Dennis' request to provide further briefing on the appropriateness of a stay by instructing him to file a motion for reconsideration of the ruling. *Doc. 23*.

Mr. Dennis filed the pending motion for discovery in which he seeks leave to discover: "all documents pertaining to Sylvester Williams and Lisa Warner's trial statements, jail records, and policies including cell assignments[,] court documents[, and] dockets of the day of the alleged statements . . . Break logs for that particular

1

barracks and policies on Pen Returnees breaks and status while in the jail." *Doc. 24 at 2*. Mr. Dennis also seeks to discover "all Little Rock Police Dept Statements/Records of all witness[] statements, Dept. Memos, and files pertaining to the Identification/Investigation of this case including all statements from assistant Detectives and [Detective] Hudson himself." *Id. at 3*.

Mr. Dennis claims that the requested discovery will support his claims that his trial counsel was ineffective for: (1) failing to impeach witness statements from Mr. Sylvester Williams and Ms. Lisa Warner; and (2) failing to impeach Detective Hudson's testimony about the date that Tyler Hodges identified Mr. Dennis. In addition, Mr. Dennis contends the discovery will support his claim that many of the State's witnesses provided "knowingly false testimony," and the State is "harboring information" that would expose the false testimony in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). *Doc. 24*.

Finally, Mr. Dennis argues that the restrictions on considering new evidence imposed by *Cullen v. Pinholster,* 563 U.S. 170, 181 (2011) pose no bar to the requested discovery.

## II. DISCUSSION

### A. The Legal Standard For Discovery In A Federal Habeas Case

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S.

899, 904 (1997). Instead, a habeas petitioner *must* obtain leave of court *before* invoking the discovery processes available under the Federal Rules of Civil Procedure. *See* Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts. Rule 6 permits discovery only if and only to the extent that the requesting party establishes "good cause." To establish the requisite "good cause," Mr. Dennis bears the burden to provide ''specific allegations [that] show reason to believe" that he "may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Bracy*, 520 U.S. at 908-909; see also *Newton v. Kemna*, 354 F.3d 776, 783 (8th Cir. 2004).

### B. Mr. Dennis Has Failed to Meet His Burden

Mr. Dennis argues that the requested discovery is relevant and essential to support his ineffective assistance of counsel claims. He also contends, in a general fashion, that the requested discovery would show that "many" of the State's witnesses knowingly presented false testimony, suggesting that his right to receive exculpatory evidence under *Brady v. Maryland*, 373 U.S. 83 (1963) was violated.

Because Mr. Dennis did not assert a *Brady* claim on direct review, in his Rule 37 proceeding, or in his habeas Petition filed in this Court, the Court will not discuss such a claim further. However, to support a *Brady* violation, Mr. Dennis must also make a showing of prejudice, that is, demonstrate that "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the

3

proceeding would have been different." *Kyles v. Whitley*, 514 U.S. 419 (1995) (quotation omitted). Thus, Mr. Dennis' failure to show that the requested discovery will support a showing of prejudice in connection with his ineffective assistance of counsel claim weighs equally against any *Brady* violation, had one been alleged.

1. **Ineffective Assistance Standard**

To prevail on his ineffective-assistance-of-counsel claims, Mr. Dennis must first show that his lawyer's performance fell below an objective standard of reasonableness. See *Strickland v. Washington*, 466 U.S. 668, 688 (1984); *Larson v. United States*, 833 F.2d 758, 759 (8th Cir. 1987). He must identify the acts or omissions of counsel that are alleged to have been the result of unreasonable professional judgment. *Strickland*, 466 U.S. at 690. Then, the Court must determine whether, considering all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. *Id.* Mr. Dennis faces a great burden in that "judicial scrutiny of a counsel's performance is highly deferential" and "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id*. at 689; *Driscoll v. Delo*, 71 F.3d 701, 706 (8th Cir. 1995).

If Mr. Dennis establishes deficient performance by counsel, he still must establish prejudice. *Strickland*, 466 U.S. at 694. This requires him to demonstrate that, but for his counsel's errors, there is a reasonable probability the result of the

proceeding would have been different. *Id.* ("A reasonable probability is a probability sufficient to undermine confidence in the [proceeding's] outcome."); *Larson*, 833 F.2d at 759.

So, the test for ineffective assistance has two parts: (1) deficient performance, and (2) prejudice. If Mr. Dennis fails to establish either prong, it is unnecessary to consider the remaining prong.

### 2. Application of Ineffective Assistance Standard To Mr. Dennis' Claims

Even assuming that Mr. Dennis' trial counsel provided constitutionally deficient performance when he failed obtain the documents now at issue, Mr. Dennis cannot show that the requested discovery is likely to enable him to make the required showing of prejudice. See *United States v. Robinson*, 301 F.3d 923, 925 (8th Cir. 2002) ("To show prejudice, [Mr. Dennis] must show a reasonable probability that absent the alleged errors of counsel he would have been found not guilty.").

Mr. Dennis contends that the requested documents will show that his lawyer could have: (1) impeached Mr. Williams' testimony that Mr. Dennis admitted involvement in the crimes of which the jury convicted him; (2) impeached Ms. Warner's testimony that Mr. Williams and Mr. Dennis were on the recreation yard at the same time; (3) impeached Detective Hudson's testimony about the date that Tyler Hodges identified Mr. Dennis as the culprit. He also states, in a general

fashion, that the discovery is necessary for him to establish that "many of the state's witness knowingly [provided] false testimony." *Doc. 24.*

Mr. Dennis' arguments ignore the overwhelming, additional evidence supporting the jury's guilty verdict. A few examples are: (1) the day after the murder and again at trial, Mr. Hodges identified Mr. Dennis as the person who kidnapped him in a photo lineup;[1] (2) Mr. Hodges identified the car from the ATM video as the one that he was kidnapped in;[2] (3) witness Alvin Cooper testified that he saw Mr. Dennis talking to the victims the night of the kidnapping and murder, and a video from the convenient store corroborated the fact that Mr. Cooper was at the store that night;[3] (4) the ATM video showed Mr. Dennis attempting to use the victim's debit card;[4] (5) a card with Mr. Dennis' name and number on it was found in the victim's car;[5] (6) Edgar Davis identified Mr. Dennis as the person who took his car (which was used in the kidnapping) without permission and returned the car later that morning; (7) Mr. Davis also identified Mr. Dennis as the person in Mr. Davis' car in

---

[1] *Doc. 13-12 at pp. 1986-1988*; *Doc.* 13-11 *at p. 1670.*

[2] *Doc. 13-10 at p. 1410.*

[3] *Doc. 13-12 at pp. 2038-2056.*

[4] *Doc. 13-10 at p. 1404.*

[5] *Doc. 13-12 at p. 1952.*

the ATM video;[6] (8) Mr. Davis picked Mr. Dennis from a photo lineup; (9) Mr. Davis also identified Mr. Dennis as the person who was in the red Tracker with the victims.[7]

Considering the "overwhelming evidence of guilt presented, it may be impossible to demonstrate prejudice." *Christenson v. Ault*, 598 F.3d 990, 997 (8th Cir. 2010) (omitting citation). In any event, in light of the mountain of unrelated evidence supporting his guilt, Mr. Dennis has failed to establish that the requested discovery, if allowed, will establish a reasonable probability that, absent the alleged errors of counsel, he would have been found not guilty.

### 3. Legal Limits on Considering New Evidence

This Court's review of Mr. Dennis' numerous habeas claims that were rejected on the merits in state court "is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011); 28 U.S.C. § 2254(d)(1). This helps ensure that "[f]ederal courts sitting in habeas are not an alternative forum for trying facts and issues which a prisoner made insufficient effort to pursue in state proceedings." *Id.* at 186 (quoting *Williams v. Taylor*, 529 U.S. 420, 437 (2000)). Even if Mr. Dennis was permitted to engage

---

[6] *Id.* at pp. 1602-1606.

[7] *Id.* at p. 1614.

7

in discovery and obtain all the documents he seeks, it is unlikely the Court could consider them in this proceeding.

To the extent that Mr. Dennis contends the requested discovery will support a new claim, he is limited by the requirements of 28 U.S.C. § 2254(e)(2), which "restricts the discretion of federal habeas courts to consider new evidence when deciding claims that were not adjudicated on the merits in state court." *Id*. at 186.

On this record, no basis exists for the Court to conclude that the requested discovery involves the type of new evidence that the Court could consider, either to support a previously adjudicated claim or a new claim.

## III.  CONCLUSION

Because Mr. Dennis has failed to establish good cause for the requested discovery, his discovery motion must be denied. See, e.g., *Stephens v. Branker*, 570 F.3d 198, 213 (4th Cir. 2009) ("Put simply, Stephens's discovery request is deficient because - although he has identified specific information sought - he has not demonstrated that such discovery would result in him being entitled to habeas relief on the conflict claim."); *Calderon v. U.S. Dist. Court for the Northern Dist. of California*, 98 F.3d 1102, 1106 (9th Cir. 1996) ("Courts should not allow prisoners to use federal discovery for fishing expeditions to investigate mere speculation.").

IT IS THEREFORE ORDERED THAT Petitioner Darrell Dennis' motion for discovery (*Doc. 24*) and motion for reconsideration (*Doc. 25*) are DENIED.

Dated this 23rd day of June, 2021.

_____
UNITED STATES MAGISTRATE JUDGE